UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL SHEVYAKOV,<br><br>Petitioner,<br><br>v.<br><br>WARDEN OF THE CENTRAL VALLEY DETENTION FACILITY,<br><br>Respondent. | No. 1:26-cv-06786-DAD-JDP<br><br>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS; DENYING PETITIONER'S MOTIONS FOR THE APPOINTMENT OF COUNSEL AND FOR A TEMPORARY RESTRAINING ORDER AS MOOT<br><br>(Doc. Nos. 1, 2, 10) |

Petitioner, proceeding *pro se*, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his detention by United States Immigration and Customs Enforcement ("ICE"). (Doc. No. 1.) Petitioner has also filed a motion for appointment of counsel Doc. No. 2) and, more recently, a motion for a temporary restraining order ("TRO"). (Doc. No. 10.) This court ordered respondent to file a response to the habeas petition (Doc. No. 5), which respondent has now been completed. (Doc. No. 6.) Additionally, respondent recently filed a response in opposition to petitioner's recently filed TRO motion. (Doc. No. 12.)

Respondent asserts that the habeas petition should be dismissed with prejudice as a second or successive habeas petition, that it constitutes an abuse of the writ of habeas corpus, or that it should be denied on the merits. (Doc. No. 6.) For the following reasons, the court will grant the pending habeas petition.

Petitioner was born in Ukraine when it was still part of the Soviet Union in 1976. (Doc. No. 6-1 at 1.) Petitioner arrived in the United States in 1989 and, as conceded by respondent, received permanent lawful resident status. (*Id.* at 2.) An immigration judge ("IJ") ordered petitioner to be removed in 2002 to the Ukraine. (Doc. No. 6-5 at 1.) He was not removed at that time but was placed on an order of supervision. (Doc. No. 6-6.) Subsequently, in mid-April 2026, ICE took petitioner into custody where he remains. Respondent states that it is in the process of removing petitioner to Russia. (Doc. No. 6-1 at 3.)

Petitioner previously filed a habeas petition in the United States District Court for the Middle District of Florida several months ago which was denied without prejudice because petitioner was within the presumptively reasonable six-month period of detainment pronounced in *Zadvydas v. Davis*, 533 U.S. 678 (2001). *See Shevyakov v. Warden, Fla. Soft Side S. Den, Ctr.*, No. 2:26-cv-01822-KCD-KRH, 2026 WL 1811542 (M.D. Fla. June 24, 2026). Based on that decision, respondent claims that the current habeas petition filed in this court should be denied as either a second or successive habeas petition or constitutes an abuse of the writ.

As to respondent's second or successive argument, a statutory bar against successive habeas petitions found in 28 U.S.C. § 2244(b) applies only to habeas petitions filed pursuant to 28 U.S.C. § 2254 and not habeas petitions filed pursuant to 28 U.S.C. § 2241. *See Barapind v. Reno*, 225 F.3d 1100, 1111 (9th Cir. 2000). Thus, the court rejects respondent's second or successive argument.

Nevertheless, the United States Court of Appeals for the Ninth Circuit has recognized that the common law doctrine of abuse of the writ may serve as a bar to successive habeas petitions filed pursuant to § 2241. *See Alaimalo v. United States*, 645 F.3d 1042, 1049 (9th Cir. 2011). "Under the abuse of the writ doctrine, a successive petition that raises identical grounds for relief as a prior petition must be dismissed unless the petitioner can show (1) cause for bringing a successive petition and that prejudice would result or (2) that a fundamental miscarriage of justice would result from failure to entertain that claim." *Id.* Because the Middle District of Florida dismissed petitioner's prior habeas petition without prejudice (*see Shevyakov*, 2026 WL 1811542, at *1-2), this Court finds petitioner's abuse of the writ doctrine to be unpersuasive. *See Pineda v.*

*Warden, Central Valley Annex*, No. 1:26-cv-6353-DAD-JDP (HC), 2026 WL 2428086, at *1 (E.D. Cal. Aug. 19, 2026).

Respondent also argues that the habeas petition can be denied on the merits. In *Zadvydas*, the Supreme Court construed 8 U.S.C. § 1231(a)(6) to only authorize detention for a period reasonably necessary to secure removal, that "six months is a presumptively reasonable period" and that, after six months of detention following entry of a removal order, "if the [noncitizen] provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must either rebut that showing or release the alien." *Jennings v. Rodriguez*, 583 U.S. 281, 298–99 (2018) (internal quotation marks omitted). The Ninth Circuit has held that, "*Zadvydas* places the burden on the [noncitizen] to show, after a detention period of six months, that there is good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future. The [respondent] must then introduce evidence to refute that assertion." *Pelich v. I.N.S.*, 329 F.3d 1057, 1059 (9th Cir. 2003) (internal quotation marks omitted).

Here, the court finds petitioner has met his initial burden of showing there is good reason to believe he will not be removed in the reasonably foreseeable future because he was ordered removed over two decades ago in 2002, and over the subsequent 24 years his removal has not yet been effectuated by the government. *See*, *e.g.*, *Velasquez Mejia v. Chestnut*, No. 1:26-cv-01958-DC-EFB, 2026 WL 2240610, at *8 (E.D. Cal. Aug. 4, 2026) (citing *Shahvaladian v. Mullin, et al*, No. 5:25-cv-03001-SPG-AJR, 2026 WL 1700477, at *4 (C.D. Cal. June 8, 2026) (collecting cases and observing, "[m]any courts have found that removal was not reasonably foreseeable where the Government has been unable to obtain travel documents"); *Galo Chavez v. Acting Warden of The Adelanto Det. Ctr.*, No. 5:26-cv-02315-SP, 2026 WL 1601896, at *4 (C.D. Cal. June 1, 2026) (holding petitioner met burden where travel documents had not been acquired during her ten months of detention)).

Further, more than six months has passed after petitioner was re-detained by immigration authorities and his removal from the United Staes has not been carried out. (Doc. No. 6 at 4.) This undisputable fact warrants petitioner's immediate release as that six-month

period has now passed with nothing from the government to indicate that there are travel documents in hand ready to effectuate petitioner's removal despite his removal order from over 24 years ago.

Thus, for these reasons:

1. Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED as follows:
   a. Respondent is ORDERED to immediately release petitioner David Shevyakov, A-File No. 070-219-211, from respondent's custody; on the conditions, if any, he was subject to prior to his current detention in mid-April 2026;
   b. Respondent is ENJOINED and RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without notice and hearing before an immigration judge;
2. Petitioner's motions for appointment of counsel (Doc. No. 2) and motion for a temporary restraining order (Doc. No. 10) are DENIED as moot considering this order granting petitioner habeas relief.
3. The Clerk of the Court is directed to serve the warden of Central Valley Annex with a copy of this order; and
4. The Clerk of the Court is also directed to ENTER judgment in favor of petitioner and to CLOSE this case.

IT IS SO ORDERED.

Dated: **November 17, 2026**

Dale A. Drozd

DALE A. DROZD
UNITED STATES DISTRICT JUDGE